IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE 1 and JANE DOE 1, in their own Capacity and as parents of CHILD DOE 1, *et al.*, Plaintiffs, v. BOYERTOWN AREA SCHOOL DISTRICT a Pennsylvania Governmental entity, *et al.*, Defendants. | Civil No. 5:22-cv-00699-JMG |

**ORDER**

**AND NOW**, this 27th day of February 2022, upon consideration of Plaintiffs' Motion for a Temporary Restraining Order ("TRO") and other relief (ECF No. 3), and Defendant's Response in Opposition (ECF No. 12), it is **HEREBY ORDERED** that Plaintiff's Motion (ECF No. 3) is **DENIED** insofar as it seeks a TRO.[1]

---

[1] On February 8, 2022, the Board of School Directors of the Boyertown Area School District revised its previously imposed mandatory mask mandate and instead allowed for optional masking within schools, effective February 14, 2022. Compl. ¶ 2, ECF No. 1. Plaintiffs consist of medically at-risk students, or parents with their own medical conditions, who are placed at greater risk of serious illness if exposed to the COVID-19 virus. *Id.* ¶¶ 42–45. They seek an order enjoining the current optional masking policy, and a restoration of the prior mandatory mask mandate, on the grounds that the existing policy has a disparate impact on Plaintiffs in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. *Id.* ¶ 20. Plaintiffs filed this motion on February 24, 2022, which was sixteen days after the Board's action and ten days after implementation of the revised policy.

To secure a temporary restraining order, "[a] plaintiff must prove a 'clear showing of immediate irreparable injury,' not just 'a risk of irreparable harm.'" *Saluck v. Rosner*, No. 98-5718, 2003 U.S. Dist. LEXIS 2784, at *6 (E.D. Pa. Feb. 24, 2003) (quoting *Ecri v. McGraw Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)). "Thus, a request for a temporary restraining order will be denied if an applicant fails to demonstrate that immediate and irreparable harm will result." *Id.* (citation omitted).

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

Plaintiffs have not shown that they will suffer immediate, irreparable injury. Their theory of injury hinges primarily on the representation that the counties encompassed by the school district, Montgomery and Berks, have a "high" rate of COVID-19 transmission. Pls.' Mot. 16. Even assuming for sake of argument that transmission rate is the proper measurement of immediate injury here, the ground has shifted underneath Plaintiffs' position in the short time since their filing of this motion. On February 25, 2022, the Center for Disease Control and Prevention ("CDC") updated its guidance and dropped its previous recommendation for universal masking within schools. *See* "Use and Care of Masks," CDC Guidance, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/about-face-coverings.html (last updated Feb. 25, 2022). And, as relevant here, the CDC no longer calls for mandatory masking in communities that face "low" or "moderate" risks of COVID-19 transmission. *Id.* According to new CDC data, Berks County is now considered to be at a "low" risk level for COVID-19 transmission, while Montgomery County is at a "moderate" risk level. *See* "COVID-19 by County," CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/covid-by-county.html (last updated Feb. 25, 2022). Also notable to our inquiry, there have only been twelve reported cases of COVID-19 across the district since implementation of the new policy. Defs.' Ltr. Br. 14–15, ECF No. 12. In sum, Plaintiffs have not established the requisite injury to support the extraordinary relief sought here.

It also bears repeating that the district's mask-optional policy *has already been* in effect for two full school weeks. Plaintiffs' delay in seeking injunctive relief for an allegedly irreparable injury further belies their argument that the Court must take immediate action in this instance. *See, e.g,, Lanin v. Borough of Tenafly*, 515 F. App'x 114, 118 (3d Cir. 2013).

The recent factual developments—plus Plaintiffs' delay in bringing this motion two full school weeks *after* the district implemented its new mask policy—undercut Plaintiffs' claims that they will suffer immediate and irreparable harm. For these reasons, Plaintiffs' Motion is denied.

The Court shall confer with the parties regarding scheduling of a hearing on Plaintiffs' request for a preliminary injunction and other relief.